1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL AUSTELL,                              No.  2:20-cv-1103 DB P

12                  Plaintiff,

13        v.                                        ORDER

14    COUNTY OF SACRAMENTO,

15                  Defendant.

16

17            Plaintiff is a county inmate proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18    § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19    proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20            Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21    § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23    §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

                                                    1

1  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2  § 1915(b)(2).

3  **I.      Screening Requirement**

4          The court is required to screen complaints brought by prisoners seeking relief against a

5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

9  **II.     Pleading Requirements**

10         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989); Franklin, 745 F.2d at 1227.

17         A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

18  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

19  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

20  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

21  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

22  this standard, the court must accept as true the allegations of the complaint in question, Hosp.

23  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

24  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

25  McKeithen, 395 U.S. 411, 421 (1969).

26  **III.    Discussion**

27         Plaintiff brings this action against the County of Sacramento for damages, but the factual

28  basis of plaintiff's claims is not specified. Instead, plaintiff's statement of his claim is, in its

2

1   entirety, "false arrest, falsified police documents, false imprisonment under the color of law,

2   violating my due process rights, sending copy of the affidavit to support my claim on 2/4/20 when

3   complaint was filed."

4          The court finds the allegations in plaintiff's complaint so vague and conclusory that it is

5   unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

6   court has determined that the complaint does not contain a short and plain statement as required

7   by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a

8   complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones

9   v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least

10  some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.

11  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

12  complaint must be dismissed.

13         The Court will grant plaintiff an opportunity to file an amended complaint. Noll v. Carlson,

14  809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff does not wish to amend, he may instead file a

15  notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R.

16  Civ. P. 41(a)(1)(A)(i). Alternatively, plaintiff may forego amendment and notify the Court that he

17  wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th

18  Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned

19  will issue findings and recommendations to dismiss the complaint, plaintiff will have an

20  opportunity to object, and the matter will be decided by a District Judge.

21         If plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation

22  of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual

23  matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at

24  555 (2007)). Plaintiff should note that although he has been granted the opportunity to amend his

25  complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d

26  605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts

27  on curing the deficiencies set forth above.

28

3

1        Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be

2   complete in itself without reference to any prior pleading. As a general rule, an amended complaint

3   supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an

4   amended complaint is filed, the original complaint no longer serves a function in the case. Id.

5   Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

6   of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in

7   bold font, "First Amended Complaint," reference the appropriate case number, and be an original

8   signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a).

9   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief

10  above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

11  **IV.    Conclusion**

12       Based on the foregoing, it is HEREBY ORDERED that:

13       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

14       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

15           Plaintiff is assessed an initial partial filing fee in accordance with the provisions of

16           28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with

17           this court's order to the Sheriff of Sacramento County filed concurrently herewith.

18       3.  Within thirty days from the date of service of this order, plaintiff must file either a

19           first amended complaint curing the deficiencies identified by the Court in this order,

20           a notice of voluntary dismissal, or a notice of election to stand on the complaint; and

21       4.  If plaintiff fails to file a first amended complaint or notice of voluntary dismissal,

22           the Court will recommend the action be dismissed, with prejudice, for failure to

23           obey a court order and failure to state a claim.

24  Dated:  August 25, 2020

25

26

27                                                          _____
                                                            DEBORAH BARNES
                                                            UNITED STATES MAGISTRATE JUDGE

28  /DLB7;
    DB/Inbox/Substantive/aust1103.scrn

                                        4